(13 Misc. Rep. 324.)

MAITLAND et al. v. CENTRAL GAS & ELECTRIC FIXTURE CO.

(City Court of New York, General Term. June 25, 1895.)

DISCOVERY—WHEN DENIED.

In an action to recover royalties, the examination of defendant before trial in order to ascertain what goods it had manufactured and sold will be denied, where plaintiff submits an affidavit positively denying that it had manufactured or sold any goods during the year referred to.

Appeal from special term.

Action by George Maitland and the General Fixture Company against the Central Gas & Electric Fixture Company. From an order denying a motion to vacate an order for the examination of defendant before trial, defendant appeals. Reversed.

For former reports, see 27 N. Y. Supp. 421, 965.

Argued before NEWBURGER and CONLAN, JJ.

Bayliss & Bayliss, for appellant.
Otis & Pressinger, for respondents.

NEWBURGER, J. This action is brought to recover royalties under a license agreement with the defendant. The defendant, by its answer, denies that it has sold or manufactured the articles

referred to in the complaint, or is liable to the plaintiffs in any sum whatsoever.    The plaintiffs obtained an order for the examination of the defendant before trial, in order to ascertain what goods it manufactured and sold during the quarter beginning January 1, 1895.    The defendant moved to vacate said order on an affidavit of its secretary, who stated that defendant had not manufactured and sold, or imported and sold, any electric light fixtures during the quarter sued for in this action.    The motion to vacate was denied, and from the order entered upon such denial this appeal is taken.

Without considering the question as to the sufficiency of the plaintiffs' affidavit, we think the order for the examination of the defendant's officers should have been vacated, for the reason that the positive statement in the answer of the defendant, and in the affidavit of Charles H. Fischer, its secretary, is that nothing has been done during the quarter referred to in the complaint, and that the defendant had not sold or manufactured during the quarter commencing January, 1895, any fixtures covered by the patents referred to in the license agreement.    The order appealed from must therefore be reversed, with costs.